S 44
Rev. 3/99

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
UNITED STATES OF AMERICA

**DEFENDANTS**
Antonio R Gonzales

B-01-117

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Cameron
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
BENNETT, WESTON & LaJONE, P.C.
1750 VALLEY VIEW LANE, SUITE 120
DALLAS, TX 75234
214-691-1776

**ATTORNEYS (IF KNOWN)**

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury -- Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury -- Product Liability | ☐ 625 DrugRelatedSeizure ofProperty21USC881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Lblty | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICCRates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R. R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☒ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment Of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 350 Other Pers Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic StabilizationAct |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 AppealofFeeDetermination Under EqualAccessJustice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S.Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Recovery of defaulted student loan. 20 U.S.C. §1071 et seq.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
DEMAND $12,877.92
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 6/29/01
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

United States District Court
Southern District of Texas
FILED

JUL 0 2 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| *versus* | § § | Civil Action  B-01-117 |
| Antonio R Gonzales | § § | |

# Complaint

1.  *Jurisdiction.* The district court has jurisdiction because the United States is a party. *See* U.S. CONST art. III, Section 2, and 28 U.S.C. § 1345.

2.  *Venue.* Defendant resides in Cameron County, Texas, and may be served at 309 West Alice, Harlingen, TX 78550.

3.  *The Debts.* The defendant owes two debts to the United States:

Debt 1:

|   |   |   |
|---|---|---|
| a. | Current Principal as of July 26, 1999:: | $3,453.00 |
| b. | Interest as of July 26, 1999: | $4,155.77 |
| c. | Administrative fees, costs, penalties | $0.00 |
| d. | Balance due as of July 26, 1999 | $7,608.77 |
| e. | Prejudgment interest accrues at 9.13% per annum from July 26, 1999, being $0.86 per day | |
| f. | The current balance of Debt I is after credits of $3,171.89 | |

The certificate of indebtedness, attached as Exhibit A, shows the total owed excluding attorney's fees and central intake facility charges. On the date of the certificate the principal and interest shown were correct after credits having been applied.

Debt 2:

|   |   |   |
|---|---|---|
| a. | Current Principal as of July 26, 1999: | $2,625.00 |
| b. | Interest as of July 26, 1999: | $2,644.15 |
| c. | Administrative fees, costs, penalties | $0.00 |

1

    d.    Balance due as of July 26, 1999      $5,269.15

    e.    Prejudgment interest accrues at 8.00% per annum from July 26, 1999, being $0.58 per day

    f.    The current balance of Debt 2 is after credits of $2,246.26

The certificate of indebtedness, attached as Exhibit B, shows the total owed excluding attorney's fees and central intake facility charges. On the date of the certificate the principal and interest balance shown were correct.

4. *Attorney's fees.* The United States seeks attorney's fees of $3,900.00.

5. *Failure to Pay.* Demand has been made on the defendant to pay the indebtedness, and the defendant has failed to pay it. All conditions precedent have been performed or have occurred.

6. *Prayer.* The United States prays for judgment for:

    A.    The sums in paragraph 3 plus prejudgment interest through the date of judgment, administrative costs, and post-judgment interest.

    B.    Attorney's fees; and

    C.    Other relief the court deems proper.

Respectfully submitted
BENNETT, WESTON & LaJONE, P.C.

By: _____
J. Michael Weston
Texas Bar No. 21232100
SD Tex. No. 21538
Attorney in Charge
Charles I. Appler
Texas Bar No. 00788995
SD Tex. No. 23055
1750 Valley View Lane, Suite 120
Dallas, Texas 75234
Telephone: (214) 691-1776
FAX: (214) 373-6810
Attorneys for the United States of America

2

**YOUR ANSWER OR OTHER RESPONSIVE PLEADING MUST BE FILED WITH THE UNITED STATES DISTRICT CLERK.**

**THE FEDERAL RULES OF CIVIL PROCEDURE REQUIRE THAT YOU SEND US A COPY OF EVERY DOCUMENT YOU FILE WITH THE COURT.**

# U. S. DEPARTMENT OF EDUCATION
# SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS

Antonio R. Gonzales
213 E Duncan Cir
Harlingen, TX 78550
SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 07-26-99.

On or about 08-24-89, the borrower executed promissory note(s) to secure loan(s) of $3,453.00 from The Bank of Horton at a variable rate of interest to be established annually by the Department of Education. This loan obligation was guaranteed by Nebraska Student Loan Program and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 11-27-89, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $3,984.47 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 01-15-98, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $3,171.89 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $3,453.00 |
| Interest: | $4,155.77 |
| Administrative/Collection Costs: | $0.00 |
| Late fees | $0.00 |
| Total debt as of 07-26-99: | $7,608.77 |

Interest accrues on the principal shown here at the current rate of 9.13% and a daily rate of $0.86.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 9/10/99     Name: _William Parker_
                         Title: Loan Analyst
                         Branch: Litigation

EXHIBIT A



# U. S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS

Antonio R. Gonzales
213 E Duncan Cir
Harlingen, TX 78550
SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 07-26-99.

On or about 08-24-89, the borrower executed promissory note(s) to secure loan(s) of $2,625.00, from The Bank of Horton at 8.00 percent interest per annum. This loan obligation was guaranteed by Nebraska Student Loan Program and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 05-28-90, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,834.28 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 01-15-98, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $2,246.26 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal | $ 2,625.00 |
| Interest: | $ 2,644.15 |
| Administrative/Collection Costs: | $ 0.00 |
| Late Fees: | $ 0.00 |
| Total debt as of 07-26-99: | $ 5,269.15 |

Interest accrues on the principal shown here at the rate of $.58 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 8/10/99        Name: [signature]
                            Title:   LOAN ANALYST
                            Branch: LITIGATION BRANCH

EXHIBIT B

# United States District Court

## Southern District of Texas

### SUMMONS IN A CIVIL CASE

United States of America

v.

CASE NUMBER: B-01-117

Antonio R Gonzales

TO: (Name and Address of Defendant)

Antonio R Gonzales
309 West Alice
Harlingen, TX 78550

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

J. Michael Weston
BENNETT, WESTON & LaJONE, P.C.

1750 Valley View Lane., Suite 120
Dallas, TX 75234

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk
Clerk

7-2-01
Date

_(signed)_
BY DEPUTY CLERK